IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KELLY L. POLLARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:13-0496-DGK-SSA |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER AFFIRMING COMMISSIONER'S DECISION

Plaintiff Kelly L. Pollard ("Pollard") seeks judicial review of the Commissioner of Social Security's denial of her application for supplemental security income ("SSI") based on disability under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381 *et. seq*. The Administrative Law Judge ("ALJ") found that while Pollard suffers from severe impairments of obesity, lumbago, and anxiety, she retained the residual functional capacity ("RFC") to perform sedentary work with some restrictions.

After careful review, the Court holds the ALJ's decision is supported by substantial evidence on the record as a whole, and the Commissioner's decision is AFFIRMED.

**Factual and Procedural Background**

The medical record is summarized in the parties' briefs and is repeated here only to the extent necessary.

Plaintiff filed her application for SSI benefits on November 18, 2010, alleging a disability onset date of September 9, 2009.[1] The Commissioner denied her application at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing and on April 24,

---

[1] At the hearing, Pollard amended her alleged onset date to October 6, 2010.

2012, issued his decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on March 28, 2013, leaving the ALJ's decision as the Commissioner's final decision. Thus, Plaintiff has exhausted all of her administrative remedies and judicial review is now appropriate under 42 U.S.C. § 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). The court must "defer heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner*, 646 F.3d at 556.

## Analysis

The Commissioner follows a five-step sequential evaluation process[2] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by

---

[2] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g); 416.920(a)–(g). Through Step Four of the analysis the

2

reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). Pollard argues the ALJ erred in determining her RFC. Pollard argues no medical evidence supports the RFC determination concerning her mental limitations; the ALJ's decision does not provide the requisite "logical bridge" between the medical evidence and the RFC finding; and the ALJ substituted his own opinion for that of a nurse practitioner's opinion in finding Pollard did not need to lie down for one to three hours per workday.

There is no merit to these claims. A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. 20 C.F.R. § 416.945. It is based on all the relevant credible evidence of record, not just evidence from medical reports or medical sources. *Id.*; *Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir. 2005). In determining a claimant's RFC, the ALJ may consider the claimant's medical history, medical signs and laboratory findings, effects of treatment, reports of daily activities, lay evidence, recorded observations, medical source statements, effects of symptoms, attempts to work, need for a structured living environment, and work evaluations. SSR 96-8p. "[T]he ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions [of] any of the claimant's physicians." *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011) (quoting *Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007)).

In formulating an RFC, "the ALJ is required to set forth specifically a claimant's limitations and to determine how those limitations affect" the claimant's ability to perform exertional tasks. *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). It is the claimant's burden to prove her RFC. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004).

---

claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

Here, ample evidence in the record supports the mental limitations found in the RFC, namely, that Plaintiff is capable of occasionally interacting with the public, coworkers, and supervisors. The ALJ properly discounted nurse practitioner Theresa Campbell's opinion that Plaintiff suffered marked limitations in her ability to maintain concentration and persistence, social interaction, and adaption. The ALJ noted Ms. Campbell's opinion was inconsistent with her own treatment notes, which repeatedly documented that Plaintiff was alert and cooperative with normal mood, affect, attention span, and concentration, and that she did not exhibit any significant mental symptoms. R. at 25-26, 464, 469, 474, 482, 493, 501, and 509; *see Davidson v. Astrue*, 578 F.3d 838, 842 (8th Cir. 2009) ("It is permissible for an ALJ to discount an opinion of a treating physician that is inconsistent with the physician's clinical treatment notes."). The ALJ also noted that Plaintiff's records did not reflect any long-term treatment for her mental conditions, which would be expected if she had the mental impairments suggested by Ms. Campbell. R. at 25. Additionally, the ALJ's finding is also supported by a March 2011 mental status examination performed by Marsha Kempf, APRN,[3] and Dr. Robert Frick, M.D., which found Pollard's mental impairment was not as severe as alleged. R. at 25, 438.

There is also no merit to Plaintiff's suggestion that the ALJ did not include a sufficient narrative link between his RFC determination and the evidence. On the contrary, the ALJ provided a thorough discussion of the medical evidence supporting his RFC determination and credibility analysis. R. at 23-26.

Finally, the ALJ did not impermissibly substitute his own opinion for that of Ms. Campbell's when he discounted her opinion that Pollard would need to lie down one to three hours per workday. The record shows that far from substituting his own opinion, the ALJ judiciously weighed and considered the alleged limitation. R. at 25-26. The ALJ noted that

---

[3] Advanced practice registered nurse ("APRN").

although Ms. Campbell was a nurse practitioner and not a doctor, and thus her opinion was not an acceptable medical source under the regulations, her statement must still be considered under 20 CFR §§ 404.1514, 416.913, and Social Security Ruling 06-03p.  R. at 25.  The ALJ also stated that he generally gave Ms. Campbell's opinion as to Pollard's physical abilities "great weight" because she had "a close treating relationship" with Pollard, and her opinion was "generally supported by and consistent with the medical evidence of record."  R. at 25.  The exception, however, was Ms. Campbell's assertion that Pollard had to lie down one to three hours per day.  The ALJ explained he gave this portion of her opinion "little weight" because it was "not supported by the evidence of record such as the claimant's report of no complaints [to Ms. Campbell] in October 2011."  R. at 25.  The record supports the ALJ's observation, R. at 25, 461-62, thus there is no error.  *See Davidson*, 578 F.3d at 842.

## Conclusion

For the reasons discussed above, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole.  Consequently, the Commissioner's determination is AFFIRMED.

**IT IS SO ORDERED.**

Date:   May 21, 2014           /s/ Greg Kays
                                                                     GREG KAYS, CHIEF JUDGE
                                                                     UNITED STATES DISTRICT COURT